

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 18, 1974

The Honorable John C. White
Commissioner
Texas Department of Agriculture
P.O. Box 12847
Austin, Texas 78711

Opinion No. H- 403

Re: Whether State agency may
construct a building on leased
land.

Dear Commissioner White:

The Texas Department of Agriculture has leased land for a period of twenty years with a twenty year renewal option and intends to erect a livestock export station upon the site. You have called to our attention Attorney General Opinion C-511 (1965) as one which apparently would hold the expenditure for the improvement to be invalid. You have asked our opinion as to whether the Department may make and pay for improvements upon private land leased for its use.

In Attorney General Opinion C-511 this office held that under Sections 50, 51 and 52 of Article 3 and Section 6 of Article 16 of the Texas Constitution, the grant of public money to improve leased land was unconstitutional because a private benefit might result if the lease were terminated early.

We believe that holding went too far and should be overruled.

There are a number of constitutional provisions prohibiting grants for the benefit of individuals and requiring the use of public funds for public purposes only.

In Article 3 of the Texas Constitution:

> Sec. -50. LOAN OR PLEDGE OF CREDIT OF STATE.
> The Legislature shall have no power to give or to lend,
> or to authorize the giving or lending, of the credit of the

p. 1880

State in aid of, or to any person, association or
corporation, whether municipal or other, or to
pledge the credit of the State in any manner what-
soever, for the payment of the liabilities, present
or prospective, of any individual, association of
individuals, municipal or other corporation what-
soever.

Sec. 51. GRANTS OF PUBLIC MONEY PRO-
HIBITED; EXCEPTIONS. The Legislature shall
have no power to make any grant or authorize the
making of any grant of public moneys to any
individual, association of individuals, municipal
or other corporations whatsoever; provided, how-
ever, the Legislature may grant aid to indigent
and disabled Confederate soldiers and sailors
under such regulations and limitations as may be
deemed by the Legislature as expedient, and to
their widows in indigent circumstances under such
regulations and limitations as may be deemed by
the Legislature as expedient; provided that the
provisions of this Section shall not be construed
so as to prevent the grant of aid in cases of public
calamity.

Sec. 52. COUNTIES, CITIES OR OTHER
POLITICAL CORPORATIONS OR SUBDIVISIONS;
LENDING CREDIT; GRANTS. (a) Except as other-
wise provided by this section, the Legislature shall
have no power to authorize any county, city, town
or other political corporation or subdivision of the
State to lend its credit or to grant public money or
thing of value in aid of, or to any individual, associa-
tion or corporation whatsoever, or to become a
stockholder in such corporation, association or
company.

p. 1881

In Article 8:

> Sec. 3 GENERAL LAWS: PUBLIC PURPOSES.
> Taxes shall be levied and collected by general
> laws and for public purposes only.

In cases such as Davis v. City of Lubbock, 326 S. W. 2d 699 (Tex. 1959); State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960); and Barrington v. Cokinos, 338 S. W. 2d 133 (Tex. 1960) the validity of a grant turned on the public purpose to be served, even though a private benefit resulted. These cases, respectively, upheld the expenditure of public funds for slum clearance of lands to be developed by private ownership; for relocation of private utilities necessary for highway improvements; and for moving of a railroad right-of-way to eliminate grade crossings, all of which actions resulted in an incidental benefit to the private party.

In our opinion if an expenditure for the erection, repair or mainte- nance of an improvement on leased property is for a proper public purpose and if the consideration or benefit to the public is adequate, the transaction is not rendered invalid by the possibility that the private party will realize an unexpected incidental benefit.

Not every public purpose, however, is a proper public purpose upon which to base a public expenditure. See e.g., Attorney General Opinion H-357 (1974). However, in Davis v. City of Lubbock, supra, the Supreme Court quoted this passage from its prior decision in Davis v. City of Taylor, 67 S. W. 2d 1033 (Tex. 1934).

> No exact definition can be made [of public purposes].
> Suffice it to say that, unless a court can say that the
> purposes for which public funds are expended are clearly
> not public purposes, it would not be justified in holding
> invalid a legislative act or provision in a city charter
> providing funds for such purposes. (67 S. W. 2d at 1034)

Following these and other authorities this office has issued opinions authorizing, for example, expenditures toward construction of a utility line

to service public parks (Attorney General Opinion H-109 (1973)) and expenditures to construct recreation facilities on property owned by the federal government (Attorney General Opinion H-257 (1974)).

Accordingly, we answer that the mere fact that the livestock export station is to be located on leased land does not render the expenditure, ipso facto, violative of the Constitution. That question must depend upon whether the expenditure is for a proper public purpose and is in exchange for adequate public benefits, a determination which is to be made by the Department in the first instance, and, if challenged, ultimately by the court.

## SUMMARY

Provided the expenditure is for a proper public purpose and is exchanged for adequate public benefits, the Department of Agriculture may expend funds to erect a livestock export station on leased property.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg